# Supreme Court of Florida

_____

No. SC2025-2064

_____

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR AND RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR.**

January 15, 2026

PER CURIAM.

On its own motion, the Court amends Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2 (Definition of Accredited) to end the rule's reliance on the American Bar Association (ABA) as the sole accrediting agency for law schools whose graduates are eligible to sit for this state's General Bar Examination. Additionally, the Court adopts conforming amendments to Rules Regulating The Florida Bar 1-3.9 (Law Faculty Affiliates), 4-6.6 (Short-Term Limited Legal Services Programs), 11-1.2 (Activities), 11-1.3 (Requirements and Limitations), 11-1.8 (Practice After Graduation), 12-1.2 (Definitions), 20-3.1 (Requirements for Registration), and 21-2.1

(Eligibility) and Rule of the Supreme Court Relating to Admissions to the Bar 3-14.1 (Filed as an Applicant).[1]

The Court appointed a workgroup to study this issue in March 2025, the workgroup submitted a final report in October, and at its December conference the Court voted to adopt the rule changes announced today.  Based on its independent study and its consideration of the workgroup's report, the Court is persuaded that it is not in Floridians' best interest for the ABA to be the sole gatekeeper deciding which law schools' graduates are eligible to sit for the state's General Bar Examination and become licensed attorneys in Florida.  Instead, the rule changes create the opportunity for additional entities to carry out an accrediting and gatekeeping function on behalf of the Court.  The Court's goal is to promote access to high-quality, affordable legal education in law schools that are committed to the free exchange of ideas and to the principle of nondiscrimination.  To be clear, under the rule changes, graduates of ABA-accredited law schools will continue to

---

1.  We have jurisdiction.  *See* art. V, § 15, Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(d); R. Regulating Fla. Bar 1-12.1.

be eligible to sit for the bar examination, and the rule changes do not preclude any law school from continuing to seek ABA accreditation.

## I. BACKGROUND

Rule 4-13.1 requires, subject to limited exceptions, applicants for this state's General Bar Examination to complete the requirements for graduation, or receive a bachelor of laws or doctor of jurisprudence, from an accredited law school before sitting for the bar examination. Under rule 4-13.2, an accredited law school is one approved or provisionally approved by the ABA at the time of, or within twelve months of, the applicant's graduation.

In March 2025, the Court established the Workgroup on the Role of the American Bar Association in Bar Admission Requirements, explaining that "[t]he Court is interested in considering the merits of the rules' continued reliance on the ABA and whether changes to the rules are warranted." *In re Workgroup on the Role of the American Bar Association in Bar Admission Requirements*, Fla. Admin. Order No. AOSC25-15 (Mar. 12, 2025). The Workgroup's charges included examining the Court's rules as they relate to the ABA's role in accrediting law schools and the

requirements for admission to The Florida Bar; studying related state and federal requirements; evaluating the pros and cons of Florida's current regulatory framework; and proposing potential alternatives that might merit the Court's consideration, including alternatives that would end the rules' reliance on the ABA. *Id.* at 1-2. The Workgroup was directed to conduct its study guided by the goals of promoting excellence in Florida's legal profession; supporting high-quality, cost-effective, innovative legal education in a nondiscriminatory setting; protecting the public; and meeting Floridians' need for legal services. *Id.* at 2.

In October 2025, the Workgroup submitted its final report identifying twelve potential alternatives to the rules' reliance on the ABA. *See* Workgroup on the Role of the American Bar Association in Bar Admission Requirements, *Final Report* (Oct. 27, 2025). All twelve alternatives were within the Court's constitutional authority, with nine capable of implementation by the Court acting independently and three requiring collaboration with the ABA or other supreme courts. *See* art. V, § 15, Fla. Const. ("The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons

- 4 -

admitted."); *Final Report, supra,* at 28-44.

The alternatives included discrete changes, such as directly addressing ABA accreditation standards that require or result in discrimination, or expanding recognition of law schools to include those accredited by a United States Department of Education-recognized institutional accrediting agency (with or without additional Court-imposed conditions). *See Final Report, supra,* at 29-34. The alternatives also extended to broader structural reforms, including the implementation of a Court-approval mechanism for law schools, which could take various forms, such as the adoption of a defined set of essential standards with which law schools must comply or the establishment of a comprehensive state-accreditation system. *Id.* at 30, 34-39.

After consideration of the Workgroup's report, the Court adopts the amendments discussed below.

## II. AMENDMENTS

Rule 4-13.2, which currently defines the term "accredited" to mean any ABA-approved or provisionally approved law school, is amended to instead define the term "accredited law school." As amended, the term refers to any law school approved or

provisionally approved by (1) a programmatic accrediting agency recognized by the United States Department of Education to accredit programs in legal education that lead to the first professional degree in law or (2) an institutional accrediting agency recognized by the United States Department of Education to accredit institutions of higher education, provided the institutional accrediting agency is also approved by the Court. The amendment does not alter the existing requirement that the approval or provisional approval of the law school occur at the time of, or within twelve months of, the applicant's graduation.

The effect of this amendment is to expand the accrediting agencies by which a law school may be approved or provisionally approved for purposes of graduate eligibility to sit for this state's General Bar Examination. At present, the ABA is the sole programmatic accreditor recognized by the United States Department of Education to accredit programs in legal education that lead to the first professional degree in law.[2] The Court

---

2. *See Programmatic Accrediting Agencies*, U.S. Dep't of Educ., https://www.ed.gov/laws-and-policy/higher-education-laws-and-policy/college-accreditation/programmatic-accrediting-agencies (last visited Dec. 11, 2025).

acknowledges that additional programmatic accreditors for legal education programs may be recognized in the future and expresses its support for that possibility; this amendment is intended to accommodate that outcome. Under the amended rule, graduates of ABA-accredited law schools will continue to qualify to sit for the state's General Bar Examination, and graduates of law schools accredited by any subsequently recognized programmatic accreditor will be afforded the same eligibility.

The amendment also encompasses law schools accredited by an institutional accrediting agency recognized by the United States Department of Education to accredit institutions of higher education and approved by the Court. At the time of the Workgroup's research, the department recognized seven institutional accrediting agencies to accredit institutions offering degree programs, including those leading to the first professional degree in law; none of those agencies appeared to have existing law-school-specific standards. *Final Report, supra,* at 31-34. Although the Court has not finalized the procedure governing Court approval of institutional accreditors, it anticipates contacting such accreditors to assess their interest in accrediting law schools

under standards focused on the quality of legal education and successful student outcomes. These standards may include requirements for law schools relating to credit hours, curriculum, disclosures to prospective students, bar passage rates, employment outcomes, compliance with federal and state law, protections for academic freedom, or other requirements the Court determines appropriate.

Finally, the Court notes that multiple provisions in the Rules Regulating The Florida Bar and Rules of the Supreme Court Relating to Admissions to the Bar refer to the accreditation of law schools by the ABA. The Court adopts conforming amendments to align those provisions with the revised definition of "accredited law school."

## III.  CONCLUSION

Accordingly, the Rules Regulating The Florida Bar and the Rules of the Supreme Court Relating to Admissions to the Bar are amended as set forth in the appendix of this opinion. New language is underscored; deletions are indicated by struck-through type. The amendments shall become effective on October 1, 2026, at 12:01 a.m. Because the amendments were not published for

comment prior to their adoption, interested persons shall have 75 days from the date of this opinion in which to file comments with the Court.[3]

We thank the Workgroup for its hard work on this matter and appreciate its diligence in evaluating these issues.

It is so ordered.

MUÑIZ, C.J., and COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.
LABARGA, J., dissents with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

LABARGA, J., dissenting.

Since 1992, the American Bar Association (ABA) has been the

---

3. All comments must be filed with the Court on or before March 31, 2026, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399; no additional copies are required or will be accepted.

sole law school accreditor recognized in the Court rules.[4] The ABA's role as the sole accreditor was memorialized in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2, by simply defining the term "accredited" to mean any ABA-approved or provisionally approved law school. Thus, for the past thirty-four years, Florida law schools meeting the ABA's rigorous standards were awarded their accreditation and their graduates proceeded to take the Florida General Bar Examination. Over time, that thorough process culminated in over 115,000 applicants taking the Oath of Admission to The Florida Bar, rendering The Florida Bar the third largest state bar association in the country.

Regrettably, under the guise of expanding the accrediting agencies for law schools in Florida, the majority has taken the extraordinary step of divesting the ABA of its three decades long status as the sole accreditor of Florida law schools. I cannot agree

---

4. According to the Workgroup on the Role of the American Bar Association in Bar Admission Requirements, *Final Report* (Oct. 27, 2025), "[t]he Rules' reliance on the ABA stretches back decades. The ABA 'has been the sole accrediting body recognized in the Court's [R]ules since 1992,' and the Rules 'have relied on ABA accreditation since 1955.'" *Id.* at 9 (second alteration in original) (citation omitted).

with this action.

As emphasized by proponents of the status quo to the Workgroup selected by the Court to study the role of the ABA admission requirements, the ABA has developed incomparable expertise in the accreditation process:

> ABA accreditation safeguards a baseline of legal educational quality and support. This includes various Standards that seek to ensure that law schools have the basic infrastructure and capacity to deliver high-quality legal education. These Standards cover such areas as financial resources, academic standards, academic advising and support, faculty qualifications, student support services, library and facilities requirements, learning outcomes, curriculum requirements, and experiential and distance learning.

Workgroup, *Final Report,* 17 (citations omitted).

The proponents added that "the Standards provide consumer protections, public accountability, and institutional transparency . . . by, among other things, promoting informed student-making and protecting against predatory admissions and poor programs outcomes. These Standards cover such areas as bar passage rates, admissions practices, and required public disclosures." Workgroup, *Final Report,* 17-18 (citations omitted).

Crucial to Florida, as the sole law school accreditor for three decades, the ABA has cultivated unmatched proficiency in dealing with Florida law-school-specific issues that would require decades for any successor to develop. As is the case with any large entity engaged in providing service to the public, refinements can always be made. However, replacing an established entity with an unknown alternative is detrimental in the context of disputes.

Because I strongly believe that the best course for our legal educational system, our legal system, our profession, and above all, for Floridians is to stay the course with the ABA as the sole law school accreditor, I strongly dissent to the course taken by the majority today.

Original Proceeding – Florida Rules Regulating The Florida Bar and Rules of the Supreme Court Relating to Admissions to The Bar

## APPENDIX

## RULES REGULATING THE FLORIDA BAR

## RULE 1-3.9.   LAW FACULTY AFFILIATES

Full-time faculty members in the employment of law schools in Florida approved by the American Bar Association who are admitted to practice and who are in good standing before a court of any state may become "law faculty affiliates" of The Florida Bar. Law faculty affiliates may participate in such activities of The Florida Bar as may be authorized by the board of governors, but shall not be entitled to engage in the practice of law, appear as attorneys before the courts of the state, or hold themselves out as possessing such entitlements. For purposes of this rule, the term "law school" means a law school accredited by an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b).

## RULE 4-6.6.   SHORT-TERM LIMITED LEGAL SERVICES PROGRAMS

   **(a)**   A lawyer who, under the auspices of a program sponsored by a nonprofit organization, court, government agency, bar association, or an American Bar Association accredited law school accredited by an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b), provides short-term limited legal services to a client without expectation by either the lawyer or the client that the lawyer will provide continuing representation in the matter:

      (1)-(2)      [No Change]

   **(b)**   [No Change]

## RULE 11-1.2.   ACTIVITIES

   **(a)**   Definitions. As used in this chapter:

      (1)   "Accredited law school" means a law school

- 13 -

accredited by an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b).

(2)   A ~~"L~~law school practice program" ~~is~~means a credit-bearing clinical program coordinated by a law school in which students directly provide representation to clients in litigation under the supervision of a lawyer.

**(b)-(f)**     [No Change]

## RULE 11-1.3.   REQUIREMENTS AND LIMITATIONS

In order to make an appearance under this chapter, the law student must:

**(a)-(b)**     [No Change]

**(c)**     be enrolled in an ~~American Bar Association-approved~~ accredited law school in the United States and appear as part of a law school practice program;

**(d)-(h)**     [No Change]

## RULE 11-1.8.   PRACTICE AFTER GRADUATION

**(a)     Certification.** A law student at an ~~American Bar Association-approved Florida~~accredited law school in Florida who has applied for admission to The Florida Bar, received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners, completed a law school practice program awarding a minimum of 3 semester credit hours or the equivalent or requiring at least 200 hours of actual participation in the program, and whose law school dean has withdrawn certification for the program may make appearances for any of the same supervisory authorities under the same circumstances and restrictions that were applicable to students in law school programs under this chapter if the supervising lawyer:

(1)-(3)     [No Change]

**(b)** **Certification of Law School Graduates.** A graduate of an ~~American Bar Association-approved~~accredited law school who has filed an application to The Florida Bar and received an initial clearance letter as to character and fitness from the Florida Board of Bar Examiners may appear for the maximum term of certification of 18 months from graduation for the same entities and under the same restrictions that apply to students in law school practice programs under this chapter if the supervising lawyer:

> (1)-(3)    [No Change]

**(c)-(e)**    [No Change]

## RULE 12-1.2.  DEFINITIONS

**(a)** **Emeritus Lawyer.** An "emeritus lawyer" is any person who meets the following eligibility and requirements.

> (1)    *Eligibility.* An emeritus lawyer must be a person who:

>> (A)-(C)    [No Change]

>> (D)    is or was a full-time law professor employed by a law school accredited by ~~the American Bar Association~~an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b); or

>> (E)    [No Change]

> (2)    [No Change]

**(b)-(d)**    [No Change]

**(e)** **Active Practice of Law.** The "active practice of law" as used in this chapter includes, but is not limited to, private practice, working as an authorized house counsel, public employment including service as a judge, and full-time employment as a law professor at or by ~~an American Bar Association accredited~~a law

- 15 -

school accredited by an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b).

## RULE 20-3.1.  REQUIREMENTS FOR REGISTRATION

In order to be a Florida Registered Paralegal under this chapter, an individual must meet 1 of the following requirements.

**(a)    Educational and Work Experience Requirements.** A person may become a Florida Registered Paralegal by meeting 1 of the following education and paralegal work experience requirements:

(1)-(4)      [No Change]

(5)     a juris doctorate degree from ~~an American Bar Association accredited institution~~a law school accredited by an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b), ~~plus~~and:

(A)    a minimum of 1 year of paralegal work experience; or

~~(6)    a juris doctorate degree from an American Bar Association accredited institution and~~

(B)    licensure in good standing in a United States jurisdiction other than Florida, with no minimum paralegal work experience.

**(b)-(c)**      [No Change]

## RULE 21-2.1.  ELIGIBILITY

To be eligible for certification under this chapter, the applicant must:

**(a)**     [No change]

**(b)**     hold a J.D. or LL.B. degree from a law school accredited by ~~the American Bar Association~~an accrediting agency described in Rule of the Supreme Court Relating to Admissions to the Bar 4-13.2(a) or (b) at the time the applicant matriculated or graduated;

**(c)-(*l*)**     [No change]

### RULES OF THE SUPREME COURT RELATING TO ADMISSIONS TO THE BAR

**Rule 3-14.1     Filed as an Applicant.** Applicants are required to file complete Bar Applications. Transcripts required by this rule must be sent directly to the board from the educational institutions. The application will not be deemed complete until all of the following items have been received by the board:

**(a)**     [No Change]

**(b)**     a Certificate of Dean certifying the applicant's graduation from ~~a law school~~an accredited ~~by the American Bar Association~~law school;

**(c)-(g)**     [No Change]

**Rule 4-13.2     Definition of Accredited Law School.**  An "accredited" law school" is any law school approved or provisionally approved ~~by the American Bar Association~~, at the time of the applicant's graduation or within 12 months of the applicant's graduation, by:

(a)     a programmatic accrediting agency recognized by the United States Department of Education to accredit programs in legal education that lead to the first professional degree in law; or

(b)     an institutional accrediting agency that is recognized by

- 17 -

the United States Department of Education to accredit institutions of higher education and that is approved by the court.